[Civ. No. 2008. Fourth Appellate District.—August 3, 1937.]

MANLIO G. D'ALESSANDRO, Appellant, v. T. H. PICKFORD, Respondent.

Hunter M. Muir for Appellant.

Dempster McKee and Charles Fox, Jr., for Respondent.

BARNARD, P. J.—This is an action for damages for conversion of certain personal property, consisting of the fixtures, equipment, utensils, supplies and furnishings of a barber shop and beauty parlor, which had been mortgaged by the plaintiff to his landlord, the defendant. A chattel mortgage covering this property was foreclosed, a judgment being en-

tered in the Superior Court of San Diego County on December 31, 1934. A commissioner was appointed to take possession of the property and sell the same. The sale was postponed and the property was finally sold on March 27, 1935, for the sum of $702. This action was brought on the theory that the defendant converted the property to his own use by entering the premises and making certain changes therein after the date of the judgment and prior to the date of sale. The complaint alleges that the plaintiff was damaged in the sum of $14,000. The court found in all respects in favor of the defendant and the plaintiff has appealed from the judgment.

The only point raised is that "The findings of fact are contrary to the evidence." No particular finding is attacked and no effort is made to analyze or review the evidence with respect to any one finding. In general, the appellant contends that the respondent had no right, prior to the sale, to enter the premises and make any changes in the fixtures installed therein or in any of the property covered by the mortgage. Most of the acts complained of had to do with the installation or alteration of certain plumbing and electric wiring, there being testimony that the changes in the electric wiring were made necessary by the state building code if the premises were again to be used as a barber shop and beauty parlor. All changes were made in order that such use could be continued, and presumably were to the benefit of the appellant as it is reasonable to suppose that the property could be sold to better advantage if it could be again used at that location. While it may be assumed that the appellant would have a right to complain of any acts which had the effect of lessening the sale value of the property, no effort to establish such a fact was made at the trial, the appellant relying on his contention that the respondent had converted the entire property to his own use.

Under the form of action here sought to be maintained it was necessary for the appellant to establish ownership in himself with the right of possession or actual possession at the time of the alleged conversion. (*McCoy* v. *Northwestern C. & S. Co.*, 3 Cal. App. (2d) 534 [39 Pac. (2d) 864].) This the appellant failed to do, the property then being in the custody of an officer of the court and he then being out of possession of the premises in which the property was located.

■ Disregarding a few articles not covered by the complaint most of the acts complained of consisted of putting in electric plugs and electric pipes, changing plumbing fixtures, boring holes through certain partitions in order to put in the electric plugs and pipes, disconnecting a wash bowl, cutting a curtain rod which was fastened to a door, and cutting off the bottom of a cabinet in order to install a sink. Partitions, plumbing, electric conduits and fixtures are usually part of a building. If it be assumed that these fixtures were intended to be included in the property generally described in the complaint our attention is called to no evidence to the effect that they had not become a part of the realty and, in the absence of any evidence to the contrary, it may be assumed in support of the judgment that such was the case.

■ The other acts complained of, according to the testimony, are changing a mirror, changing chairs, damaging tile, changing and damaging a desk and putting a hole through a carpet for the installation of a telephone. We can find no evidence that the mirror or chairs were injured. If any of these articles were injured there is no evidence that this was done by the respondent.

■ There is an entire absence of evidence of the amount of damage, if any, caused by any act of the respondent. The appellant testified that it had cost him $14,000 to equip the business some years before. There is no evidence that all of such equipment was still in the premises, or as to what was the value of the remaining property just prior to the acts in question or thereafter. The appellant twice testified that he was unable to say how much the value of the property had been decreased through the changes made by the respondent, and when asked concerning individual items his only testimony was as to what they had originally cost him. It appears from the evidence that all of the property covered by the mortgage brought $702 at the sale, that the appellant bought two of the articles and that he bid on the other articles. One of his attorneys, testifying at the trial, complained that the respondent "in every instance raised the amount of the bid grossly in excess of what was bid by D'Alessandro". Not only does this indicate that all articles not purchased by the appellant sold for more than he considered them worth, but since the property sold for only $702 when the judgment was for $2,381.13 it is difficult to see, aside from the lack of evidence as to the amount of damage, how the

appellant could have suffered any damage above the amount he owed. (*Revert* v. *Hesse*, 184 Cal. 295 [193 Pac. 943].)

Because the evidence fully sustains the findings it is unnecessary to consider two other points raised by the respondent.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.